972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bishop COLLINS, et al., Plaintiff-Appellee,
v.
Gerald THOMPSON, et al., Defendant-Appellant.
 No. 91-35056.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1991.
Submission Withdrawn Dec. 20, 1991.
Resubmitted July 21, 1992.
Decided Aug. 4, 1992.
 
 Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case began in 1978 as a class action by prisoners of the Washington State Reformatory alleging unconstitutional living conditions. See Collins v. Thompson, 679 F.2d 168, 169 (9th Cir.1982). On June 12, 1981, the Prisoners and the State of Washington ("the State") entered into a consent decree which contained provisions for a population reduction and other reforms. The decree provided, inter alia, for the reduction of the population of the reformatory to 656 by July 1, 1983; for the court's continuing jurisdiction until the consent decree is fully consummated; and, when it has been consummated, for the court's entry of a final judgment incorporating the terms contained in the decree.
 
 
 3
 On November 18, 1982, the district court entered a modification order deferring the schedule of dates for the State's required population reduction. By 1987, in accordance with several court approved schedule modifications, the State achieved the final reduction goal of 656 inmates and fulfilled the service and program aspects of the consent decree. Shortly thereafter, the State began a thirty-month renovation project which involved closing nearly half the cells. The Prisoners were granted a temporary modification of the consent decree reducing the prisoner population to 348, which reflected the number of available cells during the renovation. Renovations of Cellhouse Two have been completed, and completion of Cellhouse One is expected by December, 1992.
 
 
 4
 In 1989, the State appealed the temporary population reduction order (Collins v. Thompson, No. 89-35000 (9th Cir. Feb. 15, 1989)), and filed its first motion to dissolve the decree. In July 1989, the district court ruled it had no jurisdiction to hear the Motion to Vacate in light of the pendency of the State's appeal of the modification. The State subsequently withdrew its appeal so that jurisdiction would again vest in the district court.
 
 
 5
 In February, 1990, the State filed its second motion to vacate the consent decree, pursuant to FED.R.CIV.P. 60(b)(4), (5), (6) and the terms in Part II of the decree. On November 28, 1990, the district court denied the State's motion, adopting the magistrate judge's recommendation that vacating the decree "would clearly be premature" with the temporary modification still in effect. The State presently appeals, arguing that the consent decree had been fully consummated in 1987.
 
 
 6
 Following oral argument, on February 13, 1992, this court remanded the case for the limited purpose of entering findings of fact and conclusions of law on the following matters:
 
 
 7
 (1) Whether the consent decree has been "fully consummated" within the terms of Article II thereof. If the court decides the consent decree has not been fully consummated based wholly or in part on the current remodeling project mentioned in the magistrate's report and recommendation dated October 16, 1990, the district court shall find the current status of the project and specifically state how that relates to full consummation under the consent decree.
 
 
 8
 (2) Whether a final judgment should not be entered, and if not, why not; if a final judgment should now be entered, what the language of that judgment will be, including whether it should include a permanent injunction capping prisoner population at the Washington State Reformatory, specifically considering the case of Toussaint v. McCarthy, 918 F.2d 752 (9th Cir.1991).
 
 
 9
 On May 7, 1992, the district court entered Findings of Fact and Conclusions of Law finding, inter alia, that the only outstanding matter before the court was the issue of inmate population, that the present number of cells currently available at the reformatory during renovation construction (632) is less than the population goal set forth in the consent decree (656), thereby creating double-celling. Declining to enter a final judgment, the court concluded that the consent decree will not be deemed fully consummated until the renovation project is complete. The court deferred consideration of whether the final judgment should include a permanent population cap until the final judgment is entered.
 
 
 10
 In an order filed June 23, 1992, this court permitted the parties to file supplemental briefs addressing the district court's findings.
 
 DISCUSSION
 
 11
 The State defendants are correct in their contention that the consent decree was fully consummated in 1987, when the population cap specifically contemplated in the decree was reached. The subsequent remodeling projects engaged in by the State were extraneous to the situation addressed by the parties in the consent decree and thus outside its terms. The State cannot be held to have agreed to application of the consent decree to matters not within the parties' contemplation when it was executed. See Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 522 (1986) ("Indeed, it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all.").
 
 
 12
 Extension of the coverage of the consent decree has inexorably led the district court to govern the penitentiary by judicial decree, rather than allow the executive officers of the State to manage it, subject only to judicial intervention to preserve constitutional rights. See Toussaint v. McCarthy, 926 F.2d 800, 802 (9th Cir.), cert. denied, 112 S.Ct. 213 (1991).
 
 
 13
 Therefore, we vacate the district court's order of November 28, 1990, denying the State's motion to vacate the consent decree, and remand the case to the district court with instructions to enter final judgment as contemplated by the consent decree.
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3